**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02574-WYD-BNB

APRIL SAMUELS,

     Plaintiff,

v.

FEINER & TRINH INTERNATIONAL, LLC, d/b/a/ Deli Zone,
ROD FEINER, and
TOAN TRINH,

     Defendants.

---

**ORDER**

---

This matter arises on plaintiff's **Motion to Strike Answers, Ex Parte Communications and Counterclaims and Motion to Dismiss Counterclaims** [Doc. # 31, filed 2/9/2011] (the "Omnibus Motion").  Defendants Rod Feiner and Toan Trinh are proceeding *pro se*, and I must liberally construe their pleadings.[1]  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Even so, the *pro se* defendants must "follow the same rules of procedure that govern other litigants."  Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

---

[1]Defendant Feiner & Trinh International, LLC, has not responded to the Complaint, and the plaintiff has filed a Request for Entry of Default  [Doc. # 30, filed 2/8/2011] pursuant to Fed. R. Civ. P. 55(a).

First, the plaintiff requests that the *pro se* defendants' answers and counterclaims be stricken for failure to comply with the "local rules of civil procedure."  Motion [Doc. # 31] at p. 2.  In particular, the plaintiff complains that Mr. Feiner's answer does not include a certificate of service showing that it was served on plaintiff's counsel, in violation of D.C.COLO.LCivR 5.1G; that the *pro se* defendants' answers are not double spaced, in violation of D.C.COLO.LCivR 10.1E; that the captions to the *pro se* defendants' answers do not comply with the formalities and capitalization requirements of D.C.COLO.LCivR10.1J; and that the signature blocks do not comply with the requirements of D.C.COLO.LCivR 10.1K.

Although I do not condone the *pro se* defendants' failures to comply with the formalities of the local rules of practice, I conclude that the answers are sufficient when construed liberally and in view of the preference of courts to decide cases on their merits and not based on technicalities.  The Motion is DENIED insofar as it seeks an order striking the *pro se* defendants' answers.

I am particularly concerned with Mr. Feiner's failure to include a certificate of service in connection with his answer, however, and the implication that it was not served on counsel for the plaintiff.  The local rule requires:

> Each paper, other than one filed ex parte, shall be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service.

D.C.COLO.LCivR 5.1G.  Examples of certificates of service include page 2 of the plaintiff's Request for Entry of Default [Doc. # 30] and the Certificate of Service for the Omnibus Motion [Doc. # 33], and I encourage the *pro se* defendants to look at them as models.  The *pro se* defendants are cautioned that every document filed with the court must be served on all other

parties or their counsel, and a certificate of service complying with D.C.COLO.LCivR 5.1G.

must accompany all papers filed or served.

Second, the plaintiff urges that "Feiner's *ex parte* communications with Judge Boland

should be stricken. . . ." Omnibus Motion [Doc. # 31] at p. 4. The *ex parte* communication

identified by the plaintiff is a letter addressed to me and filed with Mr. Feiner's answer. See

Answer [Doc. # 27] at pp. 15-16. There is a second letter, also from Mr. Feiner, addressed to

me, and without a certificate of service. Letter [Doc. # 28, filed 1/24/2011].

Local rule of practice 77.2, D.C.COLO.LCivR, prohibits *ex parte* communications with

judicial officers, including sending letters directly to a judicial officer:

> In the absence of previous authorization, no attorney or party to
> any proceeding shall send letters, pleadings, or other papers or
> copies directly to a judicial officer. Unless otherwise instructed,
> all matters to be called to a judicial officer's attention shall be
> submitted through the clerk, with copies served on all other parties
> or their attorneys. No attorney or party shall contact orally a
> judicial officer regarding any case by telephone, in person, or
> through any other means, unless all other parties in the matter, or
> their attorneys, are present or on the telephone.

I agree that the two *ex parte* letters should be stricken.

Third, the plaintiff moves to dismiss the defendants' counterclaims. This part of the

Omnibus Motion is DENIED without prejudice, to be reasserted in a motion dealing only with

the dismissal of the counterclaims and not combined with a request for any other relief.

IT IS ORDERED that the Omnibus Motion [Doc. # 31] is GRANTED IN PART and

DENIED IN PART as follows:

• GRANTED insofar as it seeks an order striking Mr. Feiner's *ex parte* communications.

Document No. 27 at pages 15-16 and Document No. 28 are STRICKEN;

        • DENIED insofar as it seeks an order striking the *pro se* defendants' answers and

counterclaims; and

        • DENIED without prejudice insofar as it seeks an order dismissing the counterclaims on

the merits.

        Dated March 8, 2011.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge