**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02574-WYD-BNB

APRIL SAMUELS,

      Plaintiff,

v.

FEINER & TRINH INTERNATIONAL, LLC, d/b/a/ Deli Zone,
ROD FEINER, and
TOAN TRINH,

      Defendants.

_____

**ORDER**
_____

This matter arises on the following papers filed by the defendants:

1.   A letter addressed to me by Mr. Feiner requesting clarification of a letter he received from plaintiff's counsel [Doc. #40, filed 04/11/2011];

2.   A copy of Mr. Feiner's responses to the plaintiff's First Set of Interrogatories [Doc. #41, filed 04/14/2011];

3.   A copy of Mr. Trinh's responses to the plaintiff's Requests for Admission [Doc. #42, filed 05/06/2011];

4.   A copy of Mr. Trinh's responses to the plaintiff's First Set of Interrogatories [Doc. #43, filed 05/06/2011];

5.   A copy of a witness list submitted by one or both of the defendants with an attached letter from one of the witnesses [Doc. #50, filed 05/19/2011]; and

6.   A letter from Mr. Feiner addressed to "Bell & Pollock & Judge Boland" [Doc. #52, filed 06/01/2011].

The filing of these materials is inappropriate for several reasons.  Document #40 is a letter addressed to me from Mr. Feiner.  Mr. Feiner requests assistance in interpreting correspondence he received from plaintiff's counsel.  "[A] request for a court order must be made by motion."  Fed. R. Civ. P. 7(b)(1).  The plaintiff may not seek a court order through letters.  All requests must be made in the form of a motion, and the request must be titled and formatted as a motion.

In addition, although the letter states that "[t]he same responses which were sent to your offices were also sent to the plaintiff's counsel," the letter does not certify that Mr. Feiner sent a copy of the letter and its attachments to plaintiff's counsel.  I previously cautioned the defendants that "every document filed with the court must be served on all other parties or their counsel, and a certificate of service complying with D.C.COLO.LCivR 5.1G. must accompany all papers filed or served."

Documents #41, #42, and #43 are copies of the defendants' responses to the plaintiff's discovery requests.  Discovery materials shall not be filed with the Court.  Fed.R.Civ.P. 5(d).

Document #50 is a witness list from one or both of the individual defendants.  Witness lists are to be included as part of the pretrial order after the close of discovery and following a pretrial conference.

Document #51 is a letter from Mr. Feiner addressed to me which states that Mr. Feiner will be available for a subpoena.  The letter does not contain a certificate of service.  As discussed above, the defendant may not communicate with me through letters; he may not file

discovery materials; and he must certify that he has served all papers filed in this court on opposing counsel.

IT IS ORDERED:

(1)   Docs. #40, 41, 42, 43, 50, and 52 are STRICKEN;

(2)   All future applications to the court for relief shall be submitted in the form of a motion in compliance with Rule 7;

(3)   All papers shall be served on counsel for the plaintiff  in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service;

(4)   The defendants shall cease filing discovery materials with the court; and

(5)   Failure to comply with this order may result in sanctions against the defendants.

Dated July 28, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge