IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-CV-2574-RBJ-BNB

APRIL SAMUELS

    Plaintiff,

v.

FEINER & TRINH INTERNATIONAL, LLC d/b/a DELI ZONE, a Colorado corporation;
ROD FEINER; and
TOAN TRINH,

    Defendants.

---

## ORDER

---

This case is before the Court on Plaintiff April Samuel's Motion to Dismiss Counterclaims (#37) and Motion for Default Judgment (#39). Defendants did not file a response. This Order will also address several other pending motions: docket ## 71, 72, 73, 77, 78, 79, and 81.

**Facts**

This summary of "facts" is primarily taken from plaintiff's Complaint. By no means is the Court making findings that all of these allegations are true. They are simply allegations. The purpose of a trial, if there is a trial, is for a jury to consider the evidence admitted and the Court's instructions on the law and, based upon that information, make appropriate findings as to what has or has not been proved to a preponderance of the evidence.

Plaintiff, April Samuels, alleges that in approximately April 2007 she was hired as an employee and manager of a deli located at 1601 Blake Street, Denver, Colorado. Defendant

Feiner & Trinh International, LLC apparently took over the ownership of the deli at some point, perhaps in June 2007, although the Complaint is somewhat unclear about this detail, and operated the restaurant as the "Deli Zone." Complaint ¶11. Defendants Rob Feiner and Toan Trinh[1] are alleged to be directors, owners, shareholders, managers, and/or supervisors of the Deli Zone. *Id.* at ¶8-9.

Ms. Samuels alleges that, beginning in August 2007, Mr. Feiner made demeaning comments about her age, sex, and status as a single mother. *Id.* at ¶12. He told Ms. Samuels that she was too old to work and was not attractive enough to bring in business. *Id.* at 14. Mr. Feiner, Mr. Trinh, and other Deli Zone employees used illegal drugs while in the restaurant during work hours. *Id.* at ¶15. Mr. Feiner told Ms. Samuels she should "loosen up and do some drugs," imitated drug use, and told her that she could have time off to go to the dentist if she obtained a narcotics prescription for him. *Id.* at ¶16-18. When Ms. Samuels complained about the drug use, Mr. Feiner and Mr. Trinh implied that since she was a single mother it would be very difficult for her to find another job. *Id.* at ¶19.

From August 2007 to May 2008, Mr. Feiner and other Deli Zone employees allegedly made vulgar sexual comments to Ms. Samuels and in Ms. Samuels' presence. *Id.* at ¶20. Mr. Feiner told another employee to "take April in the back and bang her. Guys can do that nowadays." *Id.* at 22. Mr. Feiner implied that Ms. Samuels received favors in exchange for oral sex and made jokes about oral sex in Ms. Samuels' presence. *Id.* at ¶23-24. He also made sexual comments about female customers to other employees in Ms. Samuels' presence. *Id.* at ¶25. Mr. Feiner and Mr. Trinh threatened to bring in a male manager, because they claimed that other employees did not respect her because she is female. *Id.* at ¶26. Mr. Feiner also made

---

[1] Defendant Toan Trinh is alternately referred to, by himself and others, as Toan Trinh, The Toan Trinh, and Trinh the Toan. As "Toan Trinh" is the name used in the initial complaint, the Court will use that form.

sexual comments about Ms. Samuels' children.  Mr. Feiner implied that Ms. Samuels' fourteen year old son was having sex with girls, boys, and black children.  *Id.* at ¶30.  Mr. Feiner called Ms. Samuels' daughter a whore and told Ms. Samuels he would "show her what life is all about." *Id.* at ¶31.

Ms. Samuels alleges that Mr. Trinh was aware of and condoned Mr. Feiner's treatment of her.  *Id.* at ¶33.  As a result of this treatment, Ms. Samuels claims that she was anxious and emotionally upset when at work and sought medical care in April 2008 for work related stress, anxiety, and depression.  *Id.* at ¶41.

In April 2008 Mr. Trinh's wife took over the management of the restaurant.  Ms. Samuels' hours were cut to three hours per day from approximately 56 hours a week, and Ms. Samuels' pay was cut in half from $18.00 per hour.  Ms. Samuels informed Mr. Feiner and Mr. Trinh that she could not continue to work at Deli Zone "given the severe and pervasive abusive and hostile conduct and illicit/illegal drug use." *Id.* at ¶43.  Her last day of employment at Deli Zone was May 16, 2008.

Ms. Samuels filed a complaint of gender and age discrimination and retaliation with the Equal Employment Opportunity Commission and received a Notice of Right to Sue.  *Id.* ¶5.  She filed the present suit on October 21, 2010 asserting seven claims against the defendants: (1) Violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000(e) (Hostile Work Environment); (2) Violation of C.R.S. §24-34-301 *et seq.*, Colorado Anti-Discrimination Act; (3) Outrageous Willful and Wanton Conduct; (4) Constructive Discharge; (5) Wrongful Discharge in Violation of Public Policy; (6) Respondeat Superior against Defendant Feiner & Trinh, LLC d/b/a Deli Zone; (7) Violation of C.R.S. § 8-4-101, Colorado Wage Claim Act.

**Conclusions**

### **Plaintiff's Motion to Dismiss Counterclaims (Doc. #37)**

Plaintiff April Samuels requests that this Court dismiss defendants' counterclaims for failure to set out claims or allege any facts supporting such claims. Neither Mr. Feiner nor Mr. Trinh has filed a response to this motion. In Mr. Feiner's Response to the Complaint (#27), he sets out what appears to be several counterclaims against Ms. Samuels and requests attorney's fees, punitive damages, and pain and suffering with interest. *Id.* at 14. Mr. Trinh asserts similar claims and requests in his response. Doc. #29 at 15.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief, which includes a counterclaim, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendants' counterclaims must set forth a plausible, not merely a possible, claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Atwell v. Gabow,* 311 F. Appx. 122, 125 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain factual matter, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

The Court realizes that Mr. Feiner and Mr. Trinh are not lawyers and are attempting to represent themselves *pro se*. While the Court attempts to construe *pro se* pleadings liberally in recognition of the difficulties non-lawyers experience, the Court cannot ignore the law or construe the law in a manner than is unfair to the opposing party. Mr. Feiner's and Mr. Trinh's purported counterclaims are not based upon allegations of any factual basis for the relief they seek. Mr. Feiner and Mr. Trinh fail to set out a "short and plain statement" showing that they are entitled to relief. Therefore, the counterclaims are dismissed without prejudice. Plaintiff's motion #37 is GRANTED.

### **Plaintiff's Motion for Default Judgment (#39)**

Ms. Samuels requests that this Court enter a default judgment with regard to Feiner & Trinh International, LLC. In an affidavit, plaintiff's attorney Robert Leonard states that the summons and complaint were served on Feiner & Trinh International on November 13, 2010. Docket #39-1. A return of service is on file as docket #5. No response was ever filed on behalf of Feiner & Trinh International, LLC. If, as the letters "LLC" would indicate, it is a limited liability company, it probably could not in any event represent itself. The Clerk of Court entered a Clerk's Entry of Default on March 18, 2011. Doc. #36. Feiner & Trinh International, LLC likewise has not responded to the motion for a default judgment.

Under Fed. R. Civ. P. 55(b) a Court may enter an order of default judgment upon request. Because Feiner & Trinh International, LLC has not responded, the entry of a default judgment is appropriate. Therefore, plaintiff's Motion for Default Judgment is GRANTED. Plaintiff is ordered to contact the Court to schedule a hearing to determine damages.

**Defendant Toan Trinh's Motion for Initial Disclosures (#71)**

This document appears to be Mr. Trinh's Rule 26(a)(1) initial disclosures, not a motion requesting any relief. Mr. Trinh has added a statement at the end of this document which appears to advise the undersigned judge of his opinion of the plaintiff's claims and asks for help. I cannot respond to any requests or letters addressed to me from any party to this case. If Mr. Trinh (or Mr. Feiner) wants to be represented but feels that he cannot afford to hire an attorney, he or they might wish to consider contacting Legal Aid to see if representation might be possible through Legal Aid or the Metropolitan Volunteer Lawyers program. In any event, a request for a court order may be made only by motion. Fed. R. Civ. P. 7(b)(1). Also, disclosures and discovery materials need not and should not be filed with the Court "until they are used in the

proceeding" or ordered by the court to be filed. Fed. R. Civ. P. 5(d). As such, Docket # 71 is DENIED as MOOT.

### Defendant Toan Trinh's Motion for Supplemental Responses (#72)

This document was also mislabeled as a motion. The document is Mr. Trinh's Supplemental Responses. As indicated, interrogatory responses and other discovery materials should not be filed with the Court "until they are used in the proceeding" or ordered by the court to be filed. Fed. R. Civ. P. 5(d). Accordingly, it is DENIED as MOOT.

### Plaintiff's Motion for Sanctions (#73)

Plaintiff requests sanctions against Mr. Feiner and Mr. Trinh for failure to comply with the Court's initial disclosure order and schedule. Initial disclosures were originally due on January 6, 2011. Having not received any disclosures from defendants, Ms. Samuels filed a Motion to Compel Disclosures on May 18, 2011 (#48). Magistrate Judge Boland granted plaintiff's motion in part and denied it in part (#54). Judge Boland ordered defendants to make their Rule 26(a) disclosures on or before August 15, 2011. Ms. Samuels now asks for the imposition of sanctions, to include the entry of a default judgment, against defendants Mr. Feiner and Mr. Trinh for failure to comply with Fed. R. Civ. P. 26 and the magistrate judge's order.

On September 29, 2011 Mr. Trinh filed (improperly, as indicted above) his Rule 26(a)(1) initial disclosures with the Court (#71). This document discloses several witnesses but no other information. Mr. Feiner mailed a nearly identical document to plaintiff's counsel on August 25, 2011, but it (properly) does not appear to have been filed with the Court. Although Mr. Trinh's and Mr. Feiner's disclosures appear to be insufficient, the Court is not persuaded that the *Ehrenhaus* factors warrant the imposition of the severe sanctions that plaintiff requests. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

However, defendants' delays and persistent letters to the Court are not proper. Mr. Feiner's response (#75) contains another impermissible "letter" to the Court. All requests for action by the Court must be in the form of a motion and must be grounded in law and in appropriate demonstration of applicable facts. It is not appropriate to express to the judge one's opinion of the claims and then ask that they be "thrown out" based on such opinions. Defendants must also comply with the discovery deadlines and format set out by the Court. Defendants are ordered to make all required disclosures and to turn over all requested documents within 14 days of this order, unless they have and can express good cause under the law for not doing so. Failure to comply with this final chance is likely to result in sanctions pursuant to Fed. R. Civ. P. 37.

Accordingly, plaintiff's Motion for Sanctions (#73) is DENIED.

**Motion to Strike  (#77) [2]**

Plaintiff requests that the Court strike Defendant Feiner's "Reply in Denial of Summary Judgment, and Motion to End the Practise (sic) of Bell & Pollock, Attorneys at Law Plus Defendant Compensation." Plaintiff received a copy of the document by mail on October 10, 2011, and it was filed with the Court on October 18, 2011 (#79).

The document is titled as a reply to Plaintiff's Motion for Summary Judgment (#61). Mr. Feiner filed a response to the motion (#62). Plaintiff subsequently filed a reply (#74). That completed the briefing on the motion, which is presently pending before the magistrate judge pursuant to Chief Judge Daniel's order of reference issued September 9, 2011 (#64). The "reply" filed as #79 is in substance another response or "sur-response" to the motion for summary judgment. No leave to file a further response was requested or granted by the

---

[2] This Motion incorrectly links to Docket #75 in the Court's ECF system. Plaintiff is asking that a document that her counsel had received but that was not yet filed, but which later was filed as docket #79, be stricken, not #75.

magistrate judge or otherwise. Moreover, the "reply" does not directly address plaintiff's motion for summary judgment but instead, again in the form of what amounts to a "letter" to the Court, asks the Court to dismiss the case and to prevent the law firm of Bell & Pollock from practicing law in the future. Mr. Feiner then outlines his financial and personal difficulties as well repeatedly proclaiming his innocence.

As this document is either an impermissible response or an improper letter to the Court, plaintiff's motion #77 is GRANTED.

### Motion for Sanctions against Defendant Rod Feiner (#78)

On October 13, 2011, plaintiff filed a Motion for Sanctions against Mr. Feiner (#78). Plaintiff argues that Mr. Feiner's continual submission of non-compliant filings warrants sanctions pursuant to Fed. R. Civ. P. 37. Ms. Samuels takes issue with Mr. Feiner's failure to attach certificates of service to his filings, despite the Court's July 28, 2011 Order (#53), Mr. Feiner's continued filing of "letters" to the Court, and Ms. Samuels' perception that these letters contain "ridiculous appeals for the case to be thrown out, for damages and to prevent undersigned counsel from continuing the practice of law," "unintelligible arguments," and immaterial personal information about both Mr. Feiner and Ms. Samuels.

The Court has addressed the offending document referred to in this motion. Although Mr. Feiner's loose regard for the Court's directions is frustrating, the Court does not, at this point, find that Mr. Feiner's behavior rises to a level that would warrant the entry of more severe sanctions against him. As indicated above, the Court takes into consideration a *pro se* party's lack of familiarity with the process. However, the Court cautions both Mr. Fiener and Mr. Trinh that continued disregard for the Court's orders and the Federal Rules of Civil Procedure will result in more severe sanctions, potentially even including entry of judgment against them. All

filings must be submitted with a certificate of service. Defendants may not attempt to send what amounts to "letters" personally directed to the judge. Pro se or not, the defendants must form all request for action in the form of a motion and respond to plaintiff's motions in the proper format.

Plaintiff's Motion for Sanctions against defendant Feiner (#78) is DENIED.

### Reply in Denial of Motion for Summary Judgment & Motion to End Practice (#79)

Pursuant to this Court's Order with regard to Plaintiff's Motion to Strike (#77), this document is stricken.

### Motion to Answer Motion #75 (#81)

Although it is titled "Motion to Answer Doc. 75" the document found at #81 appears in substance to be a "letter" to plaintiff's counsel. Correspondence between the parties should not be filed with the Court unless it is necessary in support of a proper motion. Therefore, the "motion" filed as #81 is DENIED, and the document is stricken.

### Order

Accordingly, for the aforementioned reasons:

1. Motion to Dismiss Counterclaims (#37) is GRANTED.

2. Motion for Default Judgment (#39) is GRANTED.

3. Motion for Initial Disclosures (#71) is DENIED as MOOT.

4. Motion for Supplemental Disclosures (#72) is DENIED as MOOT.

5. Motion for Sanctions (#73) is DENIED.

6. Motion to Strike (#77) is GRANTED.

7. Motion for Sanctions against Defendant Rod Feiner (#78) is DENIED.

8. Reply & Motion to End Practice (#79) is STRICKEN.

9. Motion to Answer #75 (#81) is DENIED, and the document is stricken.

DATED this 15th day of March, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge