IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02574-MEH

APRIL SAMUELS,

    Plaintiff,

v.

FEINER & TRINH INTERNATIONAL, LLC d/b/a DELI ZONE, a Colorado corporation,

    Defendant.

## ORDER ON DAMAGES

**Michael E. Hegarty, United States Magistrate Judge**.

On March 15, 2012, the Honorable R. Brooke Jackson, then the presiding judge in this case, entered default judgment for the Plaintiff against Feiner & Trinh International, LLC d/b/a Delizone, a Colorado Corporation [docket #83]. Thereafter, the parties consented to magistrate judge jurisdiction, and I was assigned the case. During and after the trial of the remaining issues between the Plaintiff and Defendants Rod Feiner and Trinh The Toan, I received evidence concerning Plaintiff's damages. In addition, Plaintiff has filed a Petition for Attorneys' Fees [filed August 7, 2012; docket #114]. I now enter the following Order on damages.

### LEGAL STANDARD FOR DEFAULT JUDGMENT

In determining whether entry of default judgment is warranted, the court must first consider personal and subject matter jurisdiction. *See, e.g.*, *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986) (lack of subject matter jurisdiction constitutes good cause to set aside a default judgment); *see also Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 772 (10th Cir. 1997) (district court erred in failing to determine personal jurisdiction issue before

considering entry of default judgment).

Even after entry of default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, 2008 WL 576245, *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir. 1994)) (unpublished). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). In addition, the court accepts the undisputed facts set forth in any affidavits and exhibits. *Deery American Corp. v. Artco Equipment Sales, Inc.*, 2007 WL 437762, *3 (D. Colo. Feb. 6, 2007) (unpublished).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith,* 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (quoting *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy,* 825 F.2d 1463, 1468 (10th Cir. 1987); *see also Weft, Inc. v. G.C. Investment Assocs.,* 630 F. Supp. 1138, 1143 (E.D.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof").

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff was employed by Feiner & Trinh International, LLC d/b/a Delizone

(hereinafter Deli Zone) at all times relevant to this matter. Complaint ¶ 7.[1] The evidence at trial established that Rod Feiner was an owner and manager of Deli Zone.

  2.  Plaintiff alleges five claims against Deli Zone in her Complaint.[2] In Counts I and II of the Complaint respectively, Plaintiff alleges a hostile environment sexual harassment claim pursuant to Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-301 *et seq.* Plaintiff alleges constructive discharge and wrongful discharge in violation of public policy in Counts IV and V, respectively. In Count VII, Plaintiff alleges a violation of the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.* Plaintiff also brought claims against Defendants Feiner and Trinh in their individual capacities.

  3.  Judge R. Brooke Jackson entered default judgment against Deli Zone on March 15, 2012. As set forth above, Plaintiff's claims against Deli Zone include a Title VII claim, which is a federal law claim. The Plaintiff and Defendant are citizens of Colorado. Thus, both personal and subject matter jurisdiction have been established.

  4.  The jury in the case of *Samuels v. Feiner* determined that during her period of employment at Deli Zone, Plaintiff was subjected to outrageous conduct by Rod Feiner. Such conduct can form the basis of a constructive discharge claim under Title VII of the Civil Rights Act of 1964. *Penry v. Federal Home Loan Bank of Topeka*, 155 F.3d 1257, 1264 (10th Cir. 1998). However, the facts do not establish a constructive discharge claim here. Plaintiff testified that (1)

---

[1] Both Defendants Feiner and Trinh, in their respective answers, averred that this entity was dissolved several years before the Complaint was filed and was no longer in good standing with the Colorado Secretary of State. Plaintiff alleged otherwise in her Complaint.

[2] On June 18, 2012, Plaintiff withdrew Counts III and VI against Deli Zone. (*See* docket #92, ¶¶ 8, 9.)

she did not look for work after leaving Deli Zone and, thus, failed to mitigate any back pay claim; (2) she was determined to be disabled by the Social Security Administration as of the date of her separation from Deli Zone, May 18, 2008; and (3) she received a combination of unemployment benefits and worker's compensation benefits from May 18, 2008 until her Social Security Disability benefits date of December 2009.  At the hearing on damages, Plaintiff's counsel waived any claim for back pay, and I find no back pay damages are appropriate here.  Thus, I decline to find any damages for Counts IV and V.

     5.     Plaintiff brought a claim for unpaid overtime wages under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.*, Count VII.  I find several problems with this claim.  First, the Complaint was filed more than two years after Plaintiff's cause of action accrued (the last date of her employment was May 18, 2008).  Under Section 8-4-122, a wage act claim is barred if not commenced within two years of its accrual, unless the violation was willful, in which event the limitations period is three years.  Plaintiff did plead a willful violation in her Complaint, but I do not find that there has been a sufficient showing of a willful violation.  Moreover, the Colorado Wage Claim Act (CWCA) does not address overtime wages whatsoever, nor can I find any precedent for an overtime claim under this state law.  The CWCA requires that a worker's wages be paid on time and provides a cause of action for aggrieved employees.  According to her testimony, Plaintiff was paid straight time for all of her hours, including overtime hours.  This claim for overtime more appropriately falls under the Fair Labor Standards Act (FLSA).

> The purpose of the FLSA is to ensure minimum wages and working conditions to workers in industries throughout the states. *See Bayles v. American Medical Response of Colorado, Inc.,* 937 F.Supp. 1477, 1482 (D. Colo. 1996). Generally, the FLSA requires that an employee be compensated at a rate of one and one-half times his regular pay for hours in excess of forty in a single work week. 29 U.S.C. § 207(a)(1).

*Armani v. Maxim Healthcare Services, Inc.*, 53 F.Supp.2d 1120, 1124-25 (D. Colo. 1999). For these reasons, I decline to find any damages for Count VII.

      6.     Plaintiff also makes a claim for compensatory and punitive damages under her Title VII and Colorado Anti-Discrimination Act claims, Counts I and II. The jury in this case awarded Plaintiff $35,000 in compensatory damages and no punitive damages. Using the jury in an advisory capacity, I agree with the jury's assessment of damages and will award $35,000 in compensatory damages against Deli Zone for the conduct of its owner and manager, Rod Feiner. I decline to award punitive damages.

      7.     Plaintiff also requests her attorney's fees and costs. I must determine the appropriate attorney's fees against Deli Zone as opposed to Defendant Feiner, against whom the case proceeded to jury trial. The Complaint is 19 pages long, with 125 paragraphs. I believe 10 hours is sufficient for the research and drafting of the Complaint. The request for entry of default against Deli Zone was filed February 8, 2011 and was a single page. One hour is appropriate for that. The single-page Motion for Default Judgment and accompanying exhibits, filed March 25, 2011, merits at most three hours of time. The Court also held a hearing on damages on July 24, 2012. Preparation for that hearing and time spent in the hearing should account for no more than three hours' attorney time. Preparation of the Petition for Attorneys' Fees and accompanying exhibits also merits three hours. It is appropriate to award two hours paralegal time for various tasks associated with these filings and the hearing (no paralegal participated in the trial). Therefore, I find that the reasonable attorney's fees for the default against Deli Zone is 20 hours x $250 (the hourly rate asserted by Plaintiff's counsel, which I find to be in line with the Denver market), or $5,000.00. The paralegal's time is alleged to be $75.00 per hour, which is also reasonable. Thus, attorney's fees shall be assessed at

$5,150.00. Plaintiff shall have her statutory costs, pre- and post-judgment interest as a result of this judgment.

## CONCLUSION

Based on the foregoing, and the entire record provided to the Court, I do hereby ORDER that judgment be entered against Defendant Feiner & Trinh International, LLC d/b/a Deli Zone, a Colorado Corporation, in the amount of $35,000.00, plus statutory costs and interest. In addition, I **GRANT IN PART AND DENY IN PART** the Plaintiff's Petition for Attorneys' Fees [filed August 7, 2012; docket #114] and award $5,150.00 in attorney's fees against Deli Zone.

Dated at Denver, Colorado, this 15th day of August, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge